**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD SATISH EMRIT, *also known as*
*Presidential Candidate Number*
*P60005535*,

                          Plaintiff,

v.                                                    No. 1:26-CV-393
                                                      (BKS/PJE)

BARACK HUSSEIN OBAMA,
MICHELLE OBAMA,
JOE BIDEN, JILL BIDEN,
HUNTER BIDEN,
KETANJI BROWN-JACKSON,
ANDREW OF THE WINDSORS,
KEIR STARMER,

                          Defendants.

---

**APPEARANCES:**
Ronald Satish Emrit
5108 Comelias Prospect Drive
Bowie, Maryland 20720
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. Magistrate Judge**

### REPORT-RECOMMENDATION & ORDER

#### I.   In Forma Pauperis

Plaintiff pro se Ronald Satish Emrit purported to commence this action on March

12, 2026, by filing a complaint and an application for leave to proceed in forma pauperis

("IFP").[1]  Dkt. No. 2 at 1.  After reviewing plaintiff's in forma pauperis application, the undersigned determines he financially qualifies to proceed IFP.[2]  Accordingly, the undersigned must review the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. §§1915(e)(2), §1915A.

## II. Initial Review

## A. Legal Standards

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).[3]

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  *Kirkland*

---

[1] *Emrit v. Melber*, 1:26-CV-00254 (BKS/PJE), 2026 WL 1810324, at *1 n.1 (N.D.N.Y. June 4, 2026):

> On May 22, 2026, Chief Judge Sannes entered a pre-filing injunction which enjoined plaintiff "from filing any new actions as a pro se plaintiff in the United States District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee . . . ." 1:26-pf-0003 (BKS), *In re Ronald Satish Emrit*, dkt. no. 2. However, as this action was commenced prior to the entry of the pre-filing injunction, it does not apply here. Indeed, plaintiff has commenced several actions before this Court that have been dismissed due to improper venue, as frivolous, or because it was substantially similar to prior cases that had been previously dismissed by this or other district courts, and has "filed hundreds of cases in nearly every federal district in every state, including the District of Columbia. A number of courts have issued 'vexatious litigant' or pre-filing orders prohibiting [plaintiff] from filing future actions without prior leave of the court or paying a filing fee." 1:26-pf-0003 (BKS), *In re Ronald Satish Emrit*, dkt. no. 1 at 2.

[2] Plaintiff is still responsible for any costs or fees he may incur in bringing an action, including, but not limited to, copying fees.

[3] "A court's initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) does not preclude a later dismissal pursuant to Rule 12(b)(6)." *Tisdale v. Hartley*, 442 F. Supp. 3d 569, 572-73 (W.D.N.Y. 2020).

2

*v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008).  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Further, "pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[4]  *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)); *see also* FED. R. CIV. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short and plain statement of the grounds for the court's jurisdiction . . .  and . . . a demand for the relief sought . . . .").  A complaint that fails to comply with the pleading requirements "presents far too a heavy

---

[4] Hereafter, "Fed. R. Civ. P."

3

burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

4

Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 provides, in pertinent part:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 8687 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Complaint

Plaintiff seeks to sue "Former President Barack Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Supreme Court Justice Kentanji Brown Jackson, Former Prince Andrew of the Windsors, and British Prime Minister Keir Starmer" for $500 billion in "punitive, compensatory, treble, actual, presumed, and special damages." Compl. at 1, 6.

Plaintiff states that former president Barack Obama is defaming president Donald J. Trump by "appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy." Compl. at 5. Plaintiff contends that Obama is a public nuisance by trying to "remain relevant to the modern-day political conversation." *Id.* He contends that "companies that feature Obama are committing "the tort of industrial espionage," and those that feature Barack Obama on their channels' interviews and/or podcasts are committing "the tortious interference with business relations/contacts under the Federal Tort Claims Act (FTCA)." *Id.*

The statement of facts amounts to be unrelated rants about plaintiff's opinion on Donald Trump, Vice President JD Vance, Secretary of State Marco Rubio, Barack Obama, and Joe Biden. *See* Compl. at 1. Plaintiff states he is an independent presidential candidate who supports Trump, Vance, and Rubio, "who are of course the

6

most powerful men in America." *Id*. at 2.  Plaintiff describes how he was interviewed by Craig Tomashoff, the "senior producer of the Kelly Clarkson Show." *Id.*  Plaintiff includes an anecdote of how he showed Tomashoff a "document uploaded to PACER on a public computer indicating that Secretary of State Ken Detzner and Kristi Reid-Bronson from his office at the RA Gray Building in Tallahassee sent the plaintiff a letter indicating that he would be placed on the ballot in Florida for the 2016 election." *Id.*

Along with seeking $500 billion in damages, plaintiff is seeking a preliminary injunction "pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) precluding and/or enjoying (sic) the defendants from advertising to the plaintiff on Cable TV broadcasts," and a declaratory injunction "pursuant to Rule 57 of Federal Rules of Civil Procedure (FRCP)" to stop "advertising with artificial intelligence (AI) and algorithms" from spying on consumers for the purposes of increasing "the company's stock price in over-the-counter markets (OTC) or federal stock exchange (NYSE) or driving smaller companies out of business."  Compl. at 6–7.  Plaintiff says that this is an "Antitrust violation" and may involve the "misdemeanors of trespass, stalking, harassment, and maybe voyeurism if these companies have employees conducting surveillance on consumers." *Id.* at 7.

Plaintiff indicates that he brings this action pursuant to the District of New Jersey's diversity jurisdiction, given that "there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas."  Compl. at 3.  The complaint does not state where defendants live.  *See* Compl.  Contrarily, the complaint states "[b]ecause the amount in controversy does not exceeds (sic) $75,000 . . . this court does not have

7

jurisdiction based on the amount in controversy." *Id.* at 7.  Plaintiff also states that this Court "does not already have personal or subject matter jurisdiction over this issue." *Id.* at 3.  Plaintiff says that the District of Connecticut "also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Cause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." *Id.* at 3-4.  There is no other mention of those statues in the complaint.  *See* Compl.  Plaintiff does not mention the Northern District of New York anywhere in his complaint, nor does he acknowledge that he is filing in the Northern District of New York.  *See id.*

## IV. Discussion

Plaintiff has filed the same claims against the same defendants in at least twenty-seven[5] other federal districts.[6]  *See Emrit v. Obama,* 3:26-CV-03010-CCT, 2026 WL

---

[5] "Additionally, as a matter of comity, this Court may decline jurisdiction over an action when 'a complaint involving the same parties and issues has already been filed in another district.'" *Presidential Candidate No. P0005535 v. Obama*, No. 1:26-CR-065, 2026 WL 1097318, at *2 (D.N.D. Mar. 25, 2026) (first quoting *Morgan v. Sundance, Inc.*, No. 4:18-CV-316, 2019 WL 5089208, at *3 (S.D. Iowa Mar. 5, 2019); then citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)).

[6] *Emrit v. Obama,* 3:26-CV-03010-CCT, 2026 WL 1021173, at *1 n.1 (D.S.D. April 15, 2026):

*Emrit v. Obama*, No. 5:26-CV-00154-M-RN, Docket 1 (E.D.N.C. Mar. 12, 2026); *Emrit v. Obama*, No. 6:26-CV-00067-DES, Docket 2 (E.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 2:26-CV-00207-HCN-DBP, Docket 1 (D. Utah Mar. 13, 2026); *Emrit v. Obama*, No. 5:26-CV-00457-JD, Docket 1 (W.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00110-SLG, Docket 1 (D. Alaska Mar. 10, 2026); *Emrit v. Obama*, No. 4:26-CV-00349 (E.D. Ark. Apr. 9, 2026); *Emrit v. Obama*, No. 2:26-CV-02746-PA-E, Docket 1 (C.D. Cal. Mar. 12, 2026); *Emrit v. Obama*, No. 5:26-CV-02999-NC, Docket 1 (N.D. Cal. Apr. 7, 2026); *Emrit v. Obama*, No. 3:26-CV-02047-JAH-AHG, Docket 1 (S.D. Cal. Mar. 31, 2026); *Emrit v. Obama*, No. 3:26-CV-00376-SFR, Docket 1 (D. Conn. Mar. 12, 2026); *Emrit v. Obama*, No. 1:26-CV-00083-CJW-KEM, Docket 1 (N.D. Iowa Apr. 9, 2026); *Emrit v. Obama*, No. 4:26-CV-00169-SMR-HCA, Docket 1 (S.D. Iowa Apr. 10, 2026); *Emrit v. Obama*, No. 1:26-CV-00219-DCN, Docket 2 (D. Idaho Apr. 9, 2026); *Emrit v. Obama*, No. 1:26-CV-02848, Docket 1 (N.D. Ill. Mar. 11, 2026); *Emrit v. Obama*, No. 3:26-CV-03083-SEM-DJQ, Docket 1 (C.D. Ill. Mar. 9, 2026); *Emrit v. Obama*, No. 6:26-CV-01060-HLT, Docket 1 (D. Kan. Mar. 11, 2026); *Emrit v. Obama*, No. 5:26-CV-00129-KKC, Docket 1 (E.D. Ky. Apr. 13, 2026); *Emrit v. Obama*, No. 3:26-CV-00260-JHM, Docket 1 (W.D. Ky. Apr. 10, 2026); *Emrit v.*

1021173, at *1 n.1 (D.S.D. April 15, 2026).  District and circuit courts have repeatedly dismissed these identical claims against the same defendants on a variety of grounds. *See Emrit v. Obama*, 26-1060-HLT-ADM, 2026 WL 1138752, at *2-4 (D. Kan. Apr. 27, 2026) ("It therefore appears that venue is improper in this action based on the face of the complaint as well as Emrit's filing of nearly identical complaints in 11 other venues."; "[T]he complaint does not allege that any of the named defendants committed the alleged acts of industrial espionage and tortious interference."), *Report-Recommendation adopted*, 2026 WL 1135974 (D. Kan. Apr. 27, 2026); *Emrit*, 2026 WL 1021173, at *1 ("'A well-documented "serial pro se filer" since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[ ]' and has been 'deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country.'") (citing *Emrit v. Cent. Intel. Agency*, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D.W.Va. Apr. 1, 2022)); *Emrit v. Obama*, No. 26-CV-3083, 2026 WL 690452, at *2 (C.D. Ill. Mar. 11, 2026) ("Plaintiff's allegations 'make no rational argument in law or facts to support his claim for relief.'") (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)); *Emrit v. Obama*, 26-CV-11216-JDH, 2026 WL 1127357, at *2 (D. Mass. Apr. 9, 2026) ("All the claims against President Obama are based on 'indisputably meritless' legal theories because the alleged conduct by President Obama (or

---

*Obama*, No. 3-26-CV-00260-SDJ, Docket 1 (M.D. La. Mar. 9, 2026); *Emrit v. Obama*, 1:26-CV-00065-DLH-CRH, Docket 1-1 (D.N.D. Mar. 9, 2026); *Emrit v. Obama*, 1:26-CV-00180-SE-AJ, Docket 1 (D.N.H. Mar. 11, 2026); *Emrit v. Obama*, No. 1:26-CV-00393-BKS-PJE, Docket 1 (N.D.N.Y. Mar. 12, 2026); *Emrit v. Obama*, No. 5:26-CV-00457-JD, Docket 1 (W.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00106-TAV-DCP, Docket 1 (E.D. Tenn. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00306, Docket 1 (M.D. Tenn. Mar. 13, 2026); *Emrit v. Obama*, No. 1:26-CV-00089-MJT-CLS, Docket 1 (E.D. Tex. Mar. 10, 2026); *Emrit v. Obama*, No. 2:26-CV-00090-wks, Docket 1-1 (D. Vt. Mar. 20, 2026).

9

companies broadcasting his interviews and podcasts) does not constitute defamation, public nuisance, industrial espionage, tortious interference with business relations/contracts, or any other tort."), *Report-Recommendation adopted*, 2026 WL 1125091 (D. Mass. Apr. 24, 2026); *Emrit v. Obama*, 26-CV-180-SE-AJ, 2026 WL 967926, at *2 (D.N.H. Mar. 24, 2026) ("None of the allegations in the Complaint suggest that this court is the proper venue for any of plaintiff's claims"; "As plaintiff has filed the same claims in a number of different federal districts, and the courts that have screened his pleadings upon preliminary review have all dismissed the Complaint as frivolous or for failure to state a claim, the interests of justice are not served by transferring this case elsewhere."), *Report-Recommendation adopted*, 2026 WL 967395 (D.N.H. Apr. 9, 2026);  *Emrit v. Obama*, No. 26-1648 (8th Cir. Apr. 8, 2026) (affirming dismissal of plaintiff's complaint raising identical claims against the same defendants as in the case at bar for "lack of jurisdiction as premature.").[7]

Here, it is recommended that this Court dismiss plaintiff's complaint for a lack of subject matter jurisdiction due to a lack of standing.  *See* FED. R. CIV. P.12 (h)(3).  "As a threshold inquiry, a federal court must determine that the plaintiff has constitutional Article III standing prior to determining issues of statutory standing or the subsequent merits of the case."  *McCrory v. Adm'r of Fed. Emergency Mgmt. Agency of U.S. Dep't of Homeland Sec.*, 600 F. App'x 807, 808 (2d Cir. 2015) (summary order) (citing *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 87 (2d Cir.2006)); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (holding court may assess subject matter jurisdiction at any time during an action).  Thus, to bring an

---

[7] As plaintiff was a party to these cases, he would have received those courts' decisions in his actions; thus, the Court does not provide copies of these cases to plaintiff.

action in a federal court, plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. *See E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014).

"'To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court.'" *Cunningham v. United States*, 18-CV-4492 (KAM), 2020 WL 6799685, at *2 (E.D.N.Y. Nov. 19, 2020) (first quoting *Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013), then citing *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "Moreover, a plaintiff must show that he was personally deprived of rights or privileges guaranteed by the United States Constitution." *Id*. (citing *Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) (summary order). "'If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear his claim.'" *Williams v. United States*, 26-CV-1322 (LLS), 2026 WL 840778, at *3 (S.D.N.Y. Mar. 25, 2026) (quoting *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012)).

Plaintiff does not demonstrate that he was injured or harmed in any way. *See generally* Compl.  No injury can be "fairly traceable" to the challenged action. *Hollingsworth v. Perry*, 570 U.S. 692, 704 (2013). An unidentified injury is incapable of redress.  Accordingly, plaintiff "does not appear to have standing because he does not link the alleged facts in his complaint to any harm suffered." *Emrit*, 2026 WL 1138752, at *4.

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  Here, plaintiff invokes the FTCA to allege "industrial espionage." Compl.  Plaintiff's claims rest on concerns about public commentary from Obama and various unnamed media organizations which criticize President Trump and other republicans.  *See generally id.*  Although plaintiff alleges that such comments and commercials are "industrial espionage" or "tortious interference with business relations/contacts under" the FTCA,[8] plaintiff's allegations fail to demonstrate standing.  Compl. at 5.   Even if a liberal reading might suggest that his mentioning that he was a presidential candidate in 2016 somehow means he could have been harmed by the airing of comments critical of Trump or other republicans, these allegations are "'nothing more than generalized grievances, which cannot support standing.'" *Emrit v. Combs*, 2:24-CV-00005, 2024 WL 945316 (W.D. Va. Mar. 5, 2024) (citing *Env't Def. Fund v. FERC*, 2 F.4th 953, 969 (D.C. Cir. 2021)); *see also Emrit v. Obama*, 26-1060-HLT-ADM, 2026 WL 1138752, at *4 (D. Kansas Mar. 23, 2026) (same); *Emrit v. Walz*, No. 1:26-CV-070-DLH-CRH, 2026 WL 1024179, at *2 (D.N.D. Mar. 27, 2026), r*eport and recommendation adopted by* 2026 WL 1021540 (D.N.D, Apr. 15, 2026) (same).

Further, even if plaintiff is upset or aggrieved by these comments as a "supporter" of these politicians, he is not directly impacted by the airing of critical comments.  Compl. at 2.  In sum, plaintiff fails to show how the named defendants

---

[8] Further, plaintiff has not named the United States as the defendant as is required under the FTCA.  *See* 28 U.S.C. § 1346.  An actionable FTCA claim alleges, among other things, that claim is brought against the United States and was caused by the negligence or wrongful act of a government employee. *See Brownback v. King*, 592 U.S. 209, 212 (2021) (citations omitted).

subjected him to a particularized redressable injury that he personally suffered; therefore, plaintiff cannot establish standing.  *See*, *e.g.*, *Presidential Candidate No. P60005535 v. Kardashian*, No. 3:25-CV-2695-JES-VET, 2025 WL 2962003 (S.D. Cal. Oct. 20, 2025) (noting that the plaintiff, Emrit, "cannot bring an action based on defamation on behalf of the president.").  "[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice not with prejudice."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016); *see Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]")).

In addition to the lack of standing, plaintiff's complaint is also frivolous and fails to state a claim upon which relief can be granted; therefore, the undersigned recommends denying leave to amend. The Supreme Court of the United States has held that "'federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit."  *Story v. Federal Communications Commission*, 1:24-CV-00625 (MAD/CFH), 2024 WL 4278649, at *4 (N.D.N.Y. Sep. 24, 2024) (quoting *Hines v. United States*, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-27 (1974))).  A "court has inherent power to dismiss without leave to amend or replead in 'where . . . the substance of the claim pleaded is frivolous on its face,' . . . or where amendment would otherwise be futile." *Weinstein v. Miller*, 21-CV-4543 (CS), 2021 WL 3038370, at *7 (S.D.N.Y. July 15, 2021) (first quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), then citing *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011)). "[I]f the problems with a complaint are 'substantive' rather than the result of an 'inadequately or

13

inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Amendment would be futile because the problems with the complaint are wholly substantive. Plaintiff's complaint "does not set forth decipherable facts, dates, or any cognizable legal claims." *Bulris v. Bulris-Rowell*, 1:25-CV-0549 (GTS/PJE), 2025 WL 4081211, at *3 (N.D.N.Y. Nov. 24, 2025); *see generally* Compl. Even under the most liberal reading of plaintiff's complaint, the Court cannot discern any legally cognizable harm that plaintiff alleges to have suffered as a result of the defendants' conduct." *Klestinez v. ACT Team*, 6:21-CV-696 (GLS/ATB), 2021 WL 4086128, at *4 (N.D.N.Y. Aug 19, 2021); *Presidential Candidate No. P60005535 v. Erin Burnett Outfront of Cable News Network*, No. CV 25-189-M-KLD, 2025 WL 4067026, at *3 (D. Mont. Nov. 25, 2025) ("[i]t is not possible to determine what claims are asserted against which defendant, or what specific facts underly those claims. Even construing the complaint liberally in Emrit's favor, the Court cannot identify any viable claims."), *report and recommendation adopted sub nom. Presidential Candidate No. P60005535 v. Burnett*, No. CV 25-189-M-WWM, 2026 WL 163001 (D. Mont. Jan. 20, 2026), *appeal dismissed sub nom. Emrit v. Burnett*, No. 26-379, 2026 WL 1093347 (9th Cir. Mar. 20, 2026). Therefore, plaintiff has not stated "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.,* 550 U.S. at 570; *Emrit v. Musk*, 25-1221, 2025 WL 1367815, at *1 (3d Cir. 2025) (affirming dismissal for lack of subject matter jurisdiction due to standing and denial of leave to amend as futile "[g]iven the nature of Emrit's allegations"). Indeed, as noted herein, several sister courts have dismissed

14

plaintiff's identical complaint, concluding it was frivolous and lacked any reasonable basis.[9]

## V. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, dkt. no. 2, is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. No. 1, be **DISMISSED** wi**thout prejudice and without leave to amend** for lack of subject matter jurisdiction due to lack of standing, *see* Fed. R. Civ. P. 12(h)(3), and it is

**ORDERED**, that the Clerk serve plaintiff with a copy of this Report-Recommendation & Order in accordance with the Court's Local Rules.[10]

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

---

[9] In addition, this District is not proper venue as plaintiff does not contend that any defendants reside in this District or that any of the events underlying the complaint occurred in this District. *See* 28 U.S.C. § 1391 (b).

[10] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen- (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. [1]. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[11]

      Dated: July 31, 2026
      Albany, New York

                                 Paul J. Evangelista
                                 U.S. Magistrate Judge

---

[11] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).

16